UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 13-cv-3640 (JNE/TNL) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| Ramon Egan, *et al.*, | |
| Defendants. | |

This matter is before the Court, Magistrate Judge Tony N. Leung, on the Government's Motion for Sanctions Against Ramon Egan (ECF No. 54). The Government seeks an order (1) striking Defendant Ramon Egan's answer to the complaint; (2) entering default judgment against Egan and in favor of the Government for Egan's federal income tax liabilities for tax years 2000, 2005-2008, and 2011; (3) enforcing the related tax liens on the real property at issue in this case; and (4) selling the property. The Court heard oral argument on the Government's motion on June 4, 2015. Daniel Applegate appeared on behalf of the Government. Howard Lazarus appeared on behalf of Egan. Based on all the files, records, and proceedings herein, and for the reasons that follow, the Court will recommend that the Government's motion should be granted in part and denied in part.

I.  BACKGROUND

On December 20, 2013, the Government filed a complaint alleging that Egan failed to file federal income tax returns for tax years 2000, 2005, 2006, 2007, and 2008.

1

(Compl., ECF No. 1.) The Complaint also alleged that Egan filed a federal income tax return self-reporting income tax that he owed for tax year 2011. (*Id.* ¶ 11.)

On various dates from 2004 through 2012, the Government assessed taxes, interest, and penalties against Egan. As of May 5, 2015, the combined total of these taxes, penalties, and interest was $69,188.33. (Decl. of Deborah Olson ("Olson Decl."), ECF No. 57, ¶ 4; *id.* Exs. A-F.) The Government filed notices of the federal tax liens with the Office of the County Recorder for Hennepin County, Minnesota. The Notice for Egan's federal income tax liabilities for tax year 2000 were filed on February 20, 2014; for tax years 2005, 2006, 2007, and 2008 on July 22, 2011; and for tax year 2011 on July 13, 2012. (Olson Decl. ¶ 5.)

The real property on which the Government seeks to foreclose federal tax liens is located at 19520 Shady Hills Road, Shorewood, Minnesota, 55331, in Hennepin County, Minnesota ("the Property"). (Compl. ¶ 9.) The legal description of the Property is "Lot 16, Block 1 and Lot 17, except the west 55 feet thereof, Block 1, all in Shady Hills." (*Id.*) The Anna B. Egan Revocable Trust holds title to the Property. (Decl. of Daniel Applegate, ECF No. 58 ("Applegate Decl."), Ex. G, Egan Dep. at 11-12.) Defendant Egan and Anna B. Egan were the trustees of the Anna B. Egan Revocable Trust. (*Id.*)

The Government served its first set of interrogatories and first set of document requests on June 19, 2014. (Applegate Decl. ¶¶ 2-3.) Egan failed to respond to the Government's discovery requests, and on October 2, 2014, the Government moved to compel Egan's initial disclosures under Rule 26(a)(1) and responses to the Government's

discovery requests. (ECF No. 26.) Egan neither responded to the Government's motion nor appeared at the duly noticed hearing. (*See* ECF No. 31; Applegate Decl. ¶ 9.)

On October 22, 2014, this Court ordered Egan to provide his initial disclosures and responses to the Government's discovery requests on or before November 23, 2014. (ECF No. 32.) In its Order, the Court warned Egan:

> Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

(*Id.* at 1-2.)

Egan still failed to provide his initial disclosures or to produce any responses to the Government's discovery requests, and on December 12, 2014, the Government moved to hold Egan in contempt. (ECF No. 35.)

The Court held a hearing on the Government's motion on January 14, 2015, at which Egan was present. (*See* ECF No. 41.) At the hearing, Defendant admitted that he had failed to comply with the Court's Order and stated that his difficulty was due to a lack of employment. Defendant further represented that he had recently obtained employment and requested more time to comply with the Court's October 22, 2014 Order. The Court found Egan's claims of financial hardship to be credible at the time, but such a finding did not excuse his failure to comply with the Court's Order. The Court

3

found that Egan was intentionally not complying with the Court's Orders and continued the hearing until February 6, 2015, ordering Egan to appear before the Court at that time with "all necessary information and documentation to provide the Government with his initial disclosures under Rule 26(a), as well as his responses to the Government's First Set of Interrogatories and First Set of Requests for Production of Documents." (ECF No. 42 at 2-3.)

The Court resumed the hearing on the Government's motion for contempt on February 6, 2015. (*See* ECF No. 43.) At the hearing, Egan brought with him a CD and a small stack of documents that he represented were from US Bank. Egan did not identify what specifically was contained in the small stack of documents; rather, he represented only that the documents therein came from US Bank. Egan and his counsel admitted that, other than what they had brought with them to the hearing that day, Egan had not provided the Government with any more information since the January 14, 2015 hearing. Egan represented to the Court that he was waiting for subpoenaed information before providing his Rule 26(a) disclosures and responding to the Government's discovery requests because he did not know what the subpoenaed information would be.

After hearing Egan's arguments, the Court found that Egan Was still not complying with the October 22, 2014 order and had no good reason not to comply. The Government, however, did not object to providing Egan until February 11, 2015 to produce the ordered information and documentation. The Court warned Egan and his counsel that if Egan again failed to provide the Government with the information and documentation as ordered, the Court would have no choice but to consider both (1)

severe sanctions against Egan to coerce compliance with the Court's orders—including, without limitation, incarceration—and (2) whether defense counsel has satisfied his ethical obligations to his client and the Court.

Accordingly, the Court continued the hearing until February 11, 2015, and ordered Egan to appear in court and bring with him "all necessary information and documentation to provide the Government with his initial disclosures under Rule 26(A), as well as his responses to the Government's First Set of Interrogatories and First Set of Requests for Production of Documents." (ECF No. 45 at 4.) The Court also provided that Egan could be excused from attending the February 11, 2015 hearing if the Government filed a letter on CM/ECF before that date representing that Egan had complied with his Court-ordered obligations. (*Id.*) The Court again warned Egan that:

> [f]ailure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

(*Id.* at 4-5.)

On February 10, 2015, the Government filed a letter representing that Egan had satisfied his Court-ordered obligations, and the Court canceled the February 11, 2015 hearing. (ECF Nos. 44, 45.)

5

The Court held an early settlement conference on February 13, 2015. (*See* ECF No. 49.) Daniel Applegate appeared on behalf of the Government. Howard Lazarus appeared on behalf of Egan. Egan was also present. After discussing matters with the Court, the parties agreed that amending the pretrial scheduling order to allow Egan to obtain more documentation was appropriate. The parties agreed that Egan would produce any and all relevant documents responsive to the Government's discovery requests on or before April 1, 2015, that the record would be closed as of that date, and depositions must be taken by May 1, 2015. The Court continued the early settlement conference to 10:00 a.m. on May 4, 2015. (ECF No. 50.) The parties submitted a stipulated amended pretrial scheduling order setting forth these and other deadlines. (ECF No. 51.)

On May 4, 2015, neither Egan nor his attorney arrived on time to participate in the court-ordered early settlement conference. (*See* ECF No. 53.) Eagan's counsel arrived more than one hour late, and Egan himself did not appear at all. (*Id.*) The Government represented that Egan had not produced any documentation as ordered. The Government also represented that Egan had arrived extremely late to his deposition. The parties had agreed that Egan's deposition would occur at 9:30 a.m. on April 20, 2015. Egan and his counsel, however, did not arrive until 3:00 p.m., and they did not bring any of the documents that the Court had ordered them to produce. The Government stated that it would be filing a motion for sanctions up to and including default judgment against Egan, and the Court set forth a briefing schedule for such a motion. (*Id.*)

On May 7, 2015, the Government filed the instant motion seeking sanctions against Egan. (ECF No. 54.) The Court held a hearing on June 4, 2015. (ECF No. 65.)

Daniel Applegate appeared on behalf of the Government. Howard Lazarus appeared on behalf of Egan, who was present in the Courtroom. With his memorandum opposing the Government's motion, Egan's counsel included 108 pages of documentation.

## II. DISCUSSION

### A. Findings Regarding Violation of the Court's Orders

The Court finds that Egan clearly violated this Court's October 22, 2014 Order (ECF No. 32), February 13, 2015 Continued Order for Early Settlement Conference (ECF No. 50), and failed to engage in the discovery process. This Court's order compelling Egan to respond to the Government's discovery requests and its order requiring Egan's personal attendance were both clear and unambiguous. The Court further finds that Egan has refused to comply with written discovery as requested by the Government and, more importantly, as ordered by this Court. Egan made an inadequate or no attempt to comply with this Court's order to provide written discovery responses to the Government's requests by the deadline agreed upon by the parties and ordered by this Court.

The October 22, 2014 Order unambiguously ordered Egan to provide the Government his initial disclosures and to produce responses to the Government's discovery requests. Egan has failed to provide such information. Egan asserts that he did not have "full access" to a storage unit where he had stored relevant documents until April 2015. (ECF No. 61 at 6.) Egan has failed to demonstrate, however, any reasonable efforts he made to obtain "full access" before the agreed-upon discovery deadline. Egan knew of the existence of relevant, responsive documents and failed to produce them as ordered by the Court.

The February 13, 2015 Continued Order for Early Settlement Conference (ECF No. 50) unambiguously ordered the physical appearance of each party and counsel who will actually try the case on May 4, 2015, before the undersigned. Egan failed to appear as ordered. Egan's non-appearance at the continued early settlement conference is part of an unfortunate pattern. First, Egan did not respond to the Government's discovery requests. When the Government filed a motion to compel his responses in October 2014, Egan did not attend the hearing on the motion. Second, after the Court granted the Government's motion and ordered Egan provide responsive information and documentation, Egan failed to do so. The Court worked diligently with the parties to fashion a discovery and production schedule that the parties could follow. Then, Egan agreed that he would produce all documentation and responsive information no later than April 1, 2015. Egan not only failed to produce documents and information before the agreed-upon discovery deadline, he arrived at his deposition five-and-a-half hours late. When the Court held a continued early settlement conference, Egan's counsel was more than an hour late and Egan failed to appear at all. Egan's behavior shows a pattern of delaying and avoiding his discovery obligations, and when his back is to the wall, relying on the mercy of the Court for just one more chance. Egan has had his proverbial second chance, and even his third chance. His non-appearance at the May 4, 2015 continued early settlement conference was a direct violation of this Court's February 13, 2015 Order.

### B. Willful Violations

The Court finds that Egan willfully violated the Court's orders as set forth above. Egan does not argue that he was unable to comply with the Court's orders, and even if he did, nothing in the record would support such an argument.

The Court finds that Egan received notice of the hearings on the motions, the obligations imposed by this Court's orders, and the continued early settlement conference at which his personal appearance was required. All of the notices were provided to Egan's counsel through CM/ECF, and Egan does not dispute that he was aware of the continued early settlement conference. Egan was fully informed orally by the Court and in its written orders of his exposure to numerous remedies against him (and his counsel) for non-compliance.

The Court provided Egan with notice and an opportunity to be heard on the Government's motion for sanctions. Egan provided no credible explanation for his failure to comply with the October 22, 2014 Order or his failure to appear at the continued early settlement conference.

### C. Appropriate Sanctions

The Government requests that the Court grant default judgment against Egan for failing to comply with this Court's orders and completely failing to engage in the discovery process. After careful consideration, the Court concludes that, although default judgment may be too strong a remedy for now, other sanctions against Egan are appropriate.

"A federal district court has both specific and inherent power to control its docket, and this includes the power to dismiss a case . . . as a sanction for a party's failure to obey court orders." *Smith v. Legg*, 24 F.ed 650, 654 (5th Cir. 1994). This severe sanction is appropriate only when a party demonstrates "bad faith or willful abuse of the judicial process." *Id.* (citation omitted). "Bad faith" can be demonstrated by a party delaying or disrupting the litigation or hampering enforcement of a court order." *Primus Auto Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)).

The Court also has the authority to enter default judgment against a party under Federal Rule of Civil Procedure 37(b)(2)(A)(vi). Such a sanction is appropriate when a party engages in "willful disobedience" of court orders. *In re O'Brien*, 351 F.3d 832, 839-40 (8th Cir. 2003). *See also Chrysler Corp. v. Carey*, 186 F.3d 1016 (8th Cir. 1999). The ultimate sanction of granting default judgment "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). The district court has "a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997).

The Court concludes that Egan's repeated failure to comply with the October 22, 2014 discovery order and his failure to appear as ordered at the May 4, 2015 continued early settlement conference constitute a pattern of bad faith and willful violations of the

10

Court's orders. The Court provided Egan with multiple opportunities to comply with its October 22, 2014 Order, including continuing the hearing on the Government's Motion for Contempt for nearly a month to allow Egan to obtain and produce the materials. The Court took Egan's and his counsel's representations that they were diligently seeking the documentation at face value and worked diligently to accommodate those efforts.

Egan's repeated disregard of the Court's orders has caused delay and disruption to this litigation. The Court has been completely frustrated from assisting the parties in pursuing potential settlement arrangements. These proceedings have been delayed several months in order for Egan to obtain the materials as ordered by the Court, and the Government has incurred substantial costs in the form of attorney's fees, travel expenses, and needless motion practice. Moreover, with each day that this litigation continues, Egan's unpaid real estate taxes (which have priority over his federal tax liabilities) increase, and the Government's ability to collect on Egan's unpaid tax liabilities through the sale of the Property diminishes.

After careful consideration, however, the Court determines that the extreme sanction of default judgment is not appropriate **at this time.** Egan's disregard of repeated orders of this Court, however, is undeniably deserving of significant sanctions. Accordingly, the Court will recommend the imposition of a monetary sanction against Egan for his repeated failure to comply with this Court's discovery order. When treating as contempt of court a party's failure to obey an order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." Fed. R. Civ. P. 37(b)(2)(C). To allow for a reasonable computation of

these expenses and fees, the Government shall submit to this Court an affidavit of costs and expenses associated with the motion practice and reasonable expenses caused by Egan's failure to comply with this Court's discovery order.

The Court further determines that Egan's failure to engage in the discovery process is deserving of a separate appropriate sanction under Rule 37(d). After careful consideration, the Court determines that limiting the factual record of this matter to those materials produced to the Government before the agreed-upon deadline of April 1, 2015 (ECF No. 52), is an appropriate sanction. Egan filed extensive documentation alongside his memorandum opposing the Government's motion for sanctions. It would be unfair for Egan to be able to treat any of this information as part of the record in this matter going forward unless it was first produced to the Government on or before April 1, 2015, in accordance with the orders of this Court. Allowing Egan to rely only on the information that was timely produced serves the interests of both punishing Egan for his willful disobedience of Court orders and deterring other litigants from replicating this behavior. Accordingly, this Court will recommend that any documentation or information that would otherwise be responsive to the Government's discovery requests that Egan did not first provide to the Government on or before April 1, 2015, should not be considered as part of the factual record of this case going forward.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings here, **IT IS HEREBY RECOMMENDED THAT** the Government's Motion for Sanctions (ECF No. 54) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant Egan be held in contempt of this Court's October 22, 2014 Order (ECF No. 32) and February 13, 2015 Order (ECF No. 50);

2. Defendant Egan be ordered to pay monetary sanctions to the Government in the amount of the Government's reasonable attorneys' fees incurred in preparing for and attending the May 4, 2015 Continued Early Settlement Conference, and the June 4, 2015 sanctions hearing:

    a. Within 14 days of this Report and Recommendation, the Government shall submit a detailed accounting of the attorneys' fees incurred; and

    b. Egan shall submit any objections to the amount of those fees within 14 days from the date the Government files its accounting; and

3. Defendant Egan be forbidden from relying on any documentation or information that would otherwise be responsive to the Government's discovery requests that was not first provided to the Government on or before April 1, 2015.

Date: August 17, 2015

s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Egan*
File No. 13-cv-3640 (JNE/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of appeals. Written objections must be filed with the Court on or before

**September 8, 2015**. Responses from the Government to any objection to this Report and Recommendation must be filed with the Court on or before **September 22, 2015.**