UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                                               Civil No. 13-3640 (JNE/TNL)
                                                                              ORDER

Ramon Egan; the State of Minnesota;
Hennepin County, Minnesota; and Hudson
& Keyse, LLC,

    Defendants.

The United States moved for sanctions against Ramon Egan. It requested that Egan's answer be stricken, that default judgment be entered against him, that tax liens be enforced against real property, and a sale of the property be ordered. In a Report and Recommendation, the magistrate judge recommended that the United States' motion be granted in part and denied in part.

For the most part, the Report and Recommendation accurately recounts the events leading up to the United States' motion.[1] Briefly, Egan failed to make his initial disclosures and failed to respond to the United States' requests for discovery. The magistrate judge granted the United States' motion to compel. Egan did not comply. The United States moved to hold Egan in contempt. Egan eventually provided his initial disclosures and responses to the discovery requests. The magistrate judge denied the United States' motion to hold Egan in contempt. The parties contemplated additional discovery from Egan. After the pretrial scheduling order was amended to extend the

---

[1]     The United States commenced the action on December 30, 2013. As of May 5, 2015, Egan owed $68,188.13 in taxes, penalties, and interest.

discovery deadline, Egan did not disclose additional documents. He arrived extremely late to his deposition, and he did not comply with an order to personally appear at a settlement conference on May 4, 2015. The United States moved for sanctions. Egan's response included more than 100 pages of documents. The magistrate judge heard the motion for sanctions on June 4, 2015.

The Court orders Egan to pay $7,378.55 to the United States for the reasonable fees and expenses it incurred in preparing for and attending the hearings on May 4 and June 4. *See* Fed. R. Civ. P. 16(f)(2); Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 37(c)(1)(A). Egan may not rely on any information that is responsive to the United States' discovery requests if the information was not disclosed to the United States by April 1, 2015. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii); Fed. R. Civ. P. 37(c)(1). To the extent the Report and Recommendation [Docket No. 66] is consistent with this Order, it is adopted.[2]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The United States' Motion for Sanctions Against Ramon Egan [Docket No. 54] is GRANTED IN PART and DENIED IN PART.

2. Ramon Egan shall pay $7,378.55 to the United States.

---

[2] No objections to the Report and Recommendation were received. The Court did receive an unsigned document that contains "Defendant's comments" on the Report and Recommendation. Egan himself appears to be its author. He is represented by counsel. The Court declines to consider his pro se submission. *See Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001); *Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958).

3.     Ramon Egan may not rely on any information that is responsive to the United States' discovery requests if the information was not disclosed to the United States by April 1, 2015.

Dated: September 30, 2015

                                                    s/Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge